Hylor v. United States Janice Bergman, Assistant Federal Public Defender, Appellant Dewey Hylor Florida attempted first degree murder has two elements, some act beyond thinking and talking, and the intent to kill. Neither of these elements requires the use, attempted use, or threatened use of physical force against the person of another, and therefore this offense fails to qualify under the Elements Clause as an act of predicate. This conclusion is demonstrated by the facts of the Hernandez case, which I provided to the Court of Supplemental Authority. Your Honor, this is a separate crime, though. This is not murder that we're discussing. We're discussing attempted murder, and the elements of attempted murder are separate from the crime of murder. The crime that's being attempted is murder. Yes, Your Honor. And murder cannot happen without physical force. Well, I would disagree, Your Honor, but based on this Court's reading of Castleman, I'm afraid that I don't have an argument at this time before the Court. Yeah, I mean, Castleman really resolves this, doesn't it? I mean, technically we have not decided whether attempted first degree murder would qualify under the Armed Career Criminal Act, but the reasoning of Castleman basically guts your argument, doesn't it? Well, no, I disagree, Your Honor. I think this Court's reading in Ville-Bayonne of Castleman is problematic for my argument with respect to murder itself, the completed act. Well, I mean, the act itself says it's not just the use but the attempted use, right? Yes, Your Honor, but what the Court needs to look at is not—let me start again. The Court, in determining whether offense qualifies under the Elements Clause, has to look at the elements of the offense as defined by Florida law, determine whether those elements require the—I'm sorry, include, that crime includes as an element the use, attempted use, or threatened use of force. And as I said, the elements of attempted murder under Florida law are intent to kill and some overt act beyond thinking and talking about it. And as the Hernandez case that I provided demonstrates, those acts that the Florida Supreme Court focused on in that case were simply that the defendant put on some clothing and tried to lure the victim into the bathroom. The victim walked away, nothing happened, there was no action on the defendant in any way that could be construed as force, and those acts were sufficient to support a conviction for attempted premeditated first-degree murder, such as the same offense for which Mr. Heiler was charged in this case, that was used as a predicate for Mr. Heiler. And so what I'm saying is attempted murder is separate and distinct offense from murder. And even if under Ville-Bayonne and Castleman it's true that murder qualifies, which— It qualifies because it would at least be an indirect use of physical force, even if it were murder by poisoning, right? Well, that's what Castleman and Ville-Bayonne and DeShazer say. Okay, and if that's true, then the act says that the attempted use satisfies the act as well, right? Your Honor, I would disagree. The language of the statute forecloses that argument, doesn't it? You cannot—you can complete an attempted murder in Florida without an act that involves the use, attempted use, or threatened use of force. And as I'm saying, in Hernandez it involved putting on clothing and trying to lure someone into a bathroom. The cases that Hernandez relies on in cites all involve facts that the Florida Supreme Court has said that the overt act that you need to show to prove attempted murder only has to demonstrate a slight progression towards the offense. It only has to manifest the intent. And so that act can be almost anything so long as it manifests the intent to complete the crime. But that act itself does not have to involve the use of—or attempted use or threatened use of force. And so I would disagree, Your Honor, that Florida attempted murder under the elements clause includes an element of attempted use of force. I have a question about all the back and forth 28J letters about Beeman. Yes, Your Honor. All right. So, Beeman was a case that went off on failed to prove that there was a sentencing under the residual clause. But, okay. District Court said, as a matter of law, this qualifies under the elements, and you're properly talking about elements this morning. And I don't understand why we need to be involved with Beeman if this is satisfied, if as a matter of law, the elements apply. Now, you say it doesn't, but is there any reason why the district judge couldn't decide this as a matter of law on the elements, assuming she was right on the elements? I just want you to assume that for purposes. Is there a procedural reason why she can't say, okay, there's no habeas here because these claims qualify? There's no procedural reason why she can't do that. Is that true? No, I agree, Your Honor. There's no procedural reason why the district court couldn't do that. I was just wondering why there was all this back and forth when we had a— Well, it's really something the government brought up, isn't it? Yes, Your Honor. It's something that the government brought up. They said that Mr. Heiler had not met his burden of showing that he was sentenced under the residual clause. That's one way the government can try to make their case, but there's this other way, right? Yeah, I think that's right, Your Honor. I think the government is concerned that if Mr. Heiler is correct that his offenses do not qualify under the elements clause, their argument would be that he has not met his burden of proof that he was sentenced under the residual clause under Beeman. I'm more than happy to explain why I think that's . . . It's really an argument they made after briefing, right, after Beeman was decided. Yes, Your Honor. It's an issue they raised in the district court but did not include in their brief. I argued in my 28-J that they waived it as a result and the court should not consider it. I'm happy if the court would like me to go into the reasons why I think we passed the Beeman test anyway if the court would . . . I do have one question about Beeman. Does the burden of proof in Beeman apply to each predicate offense? In other words, let's suppose that Mr. Heiler arguably met his burden of proving that he was sentenced under the residual clause with respect to attempted murder. I'm sorry, with respect to, say, robbery or one of the others. Would that allow him then to challenge all three on the substance? I would argue that it does, Your Honor, because once he's proven that he was in some way sentenced under the residual clause, that the court relied on the residual clause with respect to any one of his three ACCA predicates, then that would mean that he was sentenced under the Armcourt Criminal Act based on the residual clause and that therefore he's met his burden with respect to Beeman and then the court can move through and then decide whether or not . . . I don't understand how he could use that to attack the other convictions that were not based on the residual clause. Well, Your Honor, you need three predicates under the Armcourt Criminal Act . . . I understand that. . . . to qualify. I understand if he makes an argument that Johnson invalidates one of them, that's all he needs to. Yes, Your Honor, that's correct. That's all he needs, right? Yes, yes. I don't understand how that would enable him to attack others too. Well, Your Honor, because if you . . . I mean, what would be the point of it anyway if you've already attacked one of the necessary predicates? Well, Your Honor, I agree. If you've attacked one of the necessary . . . that's what I'm saying. If you've attacked one of the necessary . . . It would only really come up if the government then came back and said, well, the record shows that he had other convictions that would have nevertheless qualified as well, some kind of harmless error argument or something like that. Then you might be able to say something, but . . . I don't think we're disagreeing, Your Honor. I think that what we're saying is that if you can show that one of the three qualifying predicates relied on the residual clause, you've met your beam in error, and then the court goes through and considers whether or not they nonetheless qualify under the elements clause. I think regardless here, Mr. Howler has shown with respect to his Florida robbery conviction and his Florida attempted first-degree murder convictions, that it was more likely than not that the district court sentenced under the residual clause in light of the law, the legal landscape at the time of his sentencing. With respect to the robbery conviction, this court had held that Florida robbery qualified under the residual clause two years before the sentencing and had not mentioned the elements clause with respect to Florida robbery until a year after his sentencing took place. The government refers to the fact that this court had held that Florida armed robbery qualified under the residual clause, but that's not the offense that was at issue here. At issue here was simply Florida strong-arm robbery, and as a district court judge sitting at the time of Mr. Howler's sentencing in 2008, where the court had a 2006 case saying that robbery qualified under the residual clause, but armed robbery qualified under the elements clause, as a district court judge, I would say, why look at the armed robbery case and the complications involved in that and rely on the robbery case? Okay, Ms. Bergman, you've saved five minutes for rebuttal. Thank you, Your Honor. Ms. Mariani. Good morning, Your Honors. May it please the court, Nicole Mariani on behalf of the United States. Joining me at council table is Assistant United States Attorney Ann McNamara, who handled this matter before the district court. The district court's denial of Mr. Howler's successive 2255 motion can be affirmed on two independent grounds, as this court noted. He's neither eligible for nor entitled to 2255 relief pursuant to Johnson. I'll begin with the attempted murder argument, unless this court would like me to begin with the alternative argument under Beamon. Florida attempted first-degree murder is a violent felony under the elements clause. It occurs, the underlying offense, Florida first-degree murder, occurs when there is an unlawful killing with a premeditated intent to kill that or another person. Florida attempted first-degree murder occurs when the defendant had a premeditated intent to kill, he undertakes an act intending to kill that went beyond mere preparation, and that act would have resulted in the death of the victim had someone not intervened or the defendant otherwise had failed to commit the killing. Premeditated murder is a prototypical violent felony, and it has as an element the use of physical force. The intentional and unlawful killing of a person necessarily requires sufficient bodily injury to cause death. That certainly meets Curtis Johnson's definition of physical force, which is that the force merely be capable of causing pain or injury. Death is the ultimate injury. Indeed, in Vail Ballon, this court stated that a crime is a violent felony if it has as an element that the act results in great bodily harm, permanent disability, or permanent disfigurement, because such an injury could not occur without the use of physical force as defined in Curtis Johnson. It requires the use of extreme physical force and causes not just permanent disability or serious injury, but fatal injury when a murder is committed. As this court noted, Davis Chazor and Castleman disposed of the argument that because murder can be committed by poisoning in Florida, that it cannot be a violent felony because an indirect use of force is still a use of force under Johnson. In addition with this argument regarding that attempted first-degree murder is somehow different from murder, as Judge Pryor noted, this text of the ACCA disposes of that argument. It equates actual force with attempted force and threatened force. You don't need an actual touching. In addition, this court, both in United States v. Wade and most recently in United States v. St. Hubert, has made it clear in this circuit that an attempted violent felony or attempted crime of violence is a violent felony or a crime of violence. Would you address specifically the Hernandez situation? Absolutely, Your Honor. In our supplemental authority filed last week, my opposing counsel brought the Florida Intermediate Court decision. Again, this is not a Florida Supreme Court decision. It's an Intermediate Court decision, Hernandez v. State. Some of the facts, as she pointed out, was that one middle school student asked another student to follow him into the bathroom, put on a hat and gloves, and then that student ran away. The fact that she's leaving out is that the defendant also confessed that he had intended to kill that other student in the bathroom by stabbing him in the back, and if that student had not run away, he would have done it. He was mere seconds and feet away from committing a murder. I think that is certainly an overt step and act showing a premeditated intent to kill that would qualify as an attempted use of force under Curtis Johnson. Was that intent evidence satisfied a required element? I believe so, yes. He confessed to law enforcement immediately after that this was his plan, and in fact, he had enacted that plan I think a day or two later and actually killed one of his classmates in the bathroom using the same method. Thus, in St. Hubert, this court joined several other circuits in concluding that an attempt to commit a violent felony or a crime of violence is a violent felony or a crime of violence. No court has ever held to the contrary. Accordingly, it is the government's position that attempted first-degree murder in violation of Florida law is a violent felony. In addition, as Mr. Heidler conceded in his brief, under this court's current binding precedent, both Florida aggravated assault and Florida robbery are violent felonies under the elements clause. Unless the court would like to further address the Beeman issue or any other questions, the government will rest on its briefs and supplemental authority and ask that this court affirm the denial of Heidler's successive 2255 motion. Thank you. Thank you, Ms. Mariani. Ms. Bergman? First, Your Honor, I wanted to address the distinguishing factors between this court's decision in St. Hubert and the issue here. In St. Hubert, the court was considering attempted Hobbs Act robbery and the federal statute governing Hobbs Act robbery has, in the statute expressly, it states that the taking involved or the attempted taking involved requires the use of force. That's not true of the Florida statute involved here for attempted first-degree murder. The statute itself does not require, as an element in the statutory language, the use or attempted use of physical force. I would also say that St. Hubert applied federal law with respect to attempt, which is based on the model penal code and requires a substantial step towards the commission of the offense. Florida law does not follow the model penal code with respect to attempts. It does not require a substantial step. It requires only an overt act, and that overt act is the common law definition of an overt act and requires only an act that manifests the intent to demonstrate a slight progression towards the commission of the offense. One of the cases in Hernandez, it's cited in Hernandez, called Hudson, describes how Florida does not follow the model penal code and does not follow the substantial step approach that this court followed in St. Hubert, but instead looks to other approaches involving the proximity of the defendant to the victim, basically the strength of the defendant's intent, the lack of equivocation, and then also whether or not the defendant seemed to step back from committing the offense. So under Florida law, the stronger your intent to kill, the slighter the progression towards the crime has to be. And in Hernandez, where the defendant had a very intense intent to kill, as he stated in his confession, there only a slight progression, a slight act was required in order to manifest that intent. And that's why in Hernandez the court found that the facts were sufficient to support an attempted murder offense. But that's very different from the situation in St. Hubert, where you have a statute that expressly requires a taking that shows the use or attempted use of force or violence, and where the federal law of attempt requires a substantial step towards the progression of the crime. And so I would submit here that even though the court in St. Hubert equated the completed offense with the attempt offense, that that's not appropriate under Florida law. And determining the elements of the offense for the elements clause here, this court is required under Johnson and James to look at the elements of the offense as they are stated under Florida law. And under Florida law, the offense of attempted murder is very different from the attempt offense that was under consideration in St. Hubert. And I think St. Hubert is not relevant precedent in that respect. The same was true of the Seventh Circuit decision that St. Hubert relied on Hill. There the Hill case relied on an Illinois attempted murder statute. Now, I'm sorry it wasn't an attempted murder statute, but an attempt statute that's also based on the model penal code, and also requires the substantial step, an act that clearly manifests the intent in a way that is very different from what's required under Florida law. And in the same respect, does not require a use of force for an attempt under Florida law that requires an act that is capable of causing physical injury or harm. Even if you want to apply the Castleman Standard to Florida's attempted murder statute, the act involved that a defendant need only commit in order to be convicted of the completed offense of attempted first degree murder, that act need not be capable of causing physical injury or harm. The defendant only need have the intent to cause that injury or harm. He does not need to commit an act that is capable of causing physical harm. And I think one of the mistakes that's made in St. Hubert and in the government's argument here is that the government is equating intent with attempt. And they are totally different things. Under Florida law, you can be convicted of attempt if you have a very, very strong intent, and you commit a very minimal act in furtherance of that intent. And I would argue that under Johnson, that is not an offense that involves the use, attempted use, or threatened use of physical force. The court has any other questions? No. Thank you, Ms. Bergman. Thank you. Court will be in recess until tomorrow morning. Thank you.